IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN BAKER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LOWES HOME CENTERS, LLC, )<br>Defendant. )<br>)<br>) | Civil Action No. 19-599<br><br>Senior District Judge Joy Flowers Conti<br>Chief Magistrate Judge Cynthia Reed Eddy |

**MEMORANDUM OPINION**

**I.      Introduction**

Currently pending in this action initiated by plaintiff Stephen Baker under the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 621 et seq. and the Pennsylvania Human Relations Act ("PHRA"), 43 PA. CONS. STAT. § 951 et seq., is a motion for summary judgment (ECF No. 31) filed by defendant Lowes Home Centers, LLC ("Lowes"). The motion was referred to a United States Magistrate Judge in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Rules for Magistrate Judges.

**II.     Procedural History**

On November 3, 2020, the magistrate judge filed a Report and Recommendation ("R&R") wherein she recommended the court grant the motion for summary judgment and enter judgment in favor of Lowes because Baker failed to adduce evidence from which a reasonable jury could find that that age was more likely than not the determinative factor for his job termination. (ECF No. 45 at 13.) On November 17, 2020, Baker filed objections to the R&R. On December 1, 2021, Lowes filed a response in opposition to the objections. Lowes' motion for

summary judgment and Baker's objections to the R&R, having been fully briefed, are now ripe for disposition by this court.

### III. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this court must make a *de novo* determination of those portions of the R&R to which objections were made. The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The court may also recommit the matter to the magistrate judge with instructions.

### IV. Discussion

The magistrate judge correctly applied the "'familiar burdenshifting approach of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)'" to determine whether Lowes was entitled to judgment as a matter of law with respect to Baker's age discrimination claims. (ECF No. 45 at 7 (quoting Johnson v. Delaware Cty. Juvenile Det. Ctr., 545 F. App'x 135, 138 (3d Cir. 2013)). The magistrate judge concluded that based upon the evidence of record: (1) Baker satisfied his burden to establish the elements of a prima facie case of age discrimination under the ADEA (count one) and the PHRA (count two); and (2) Lowes satisfied its burden to proffer a legitimate, nondiscriminatory reason for terminating Baker's employment, i.e., Baker's continued poor sales performance in 2017 and failure to complete the Performance Improvement Plan ("PIP") as required by Lowes. (Id. at 9-10.) Baker does not object to the R&R with respect to the magistrate judge's findings about the prima facie case or Lowe's legitimate, nondiscriminatory reason for terminating Baker's employment.

The magistrate judge recognized that once Lowe's proffered a legitimate, nondiscriminatory reason for terminating Baker's employment, the burden shifted to Baker to prove that Lowes' proffered legitimate nondiscriminatory reason for terminating Baker's

employment was pretext for age discrimination. (Id.) According to the magistrate judge, Baker failed to prove pretext under either prong set forth by the Court of Appeals for the Third Circuit in Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994). The magistrate judge explained that Baker did not adduce evidence sufficient for a reasonable jury to disbelieve Lowes' proffered reason for terminating his employment. She explained that the evidence relied upon or allegations made by Baker, i.e., Baker's strong sales numbers in 2016, the property tax assessment occurring in the area in which Baker's store was located, the inadequate staffing of assistant sales managers at the store, and comments made by Baker's boss about Baker's wife's job and Baker's inability to complete the PIP, did "not give rise to a level of discriminatory animus where a reasonable factfinder would conclude that there was another, real reason for Baker's termination." (Id. at 10-11.)

       Baker objects to the magistrate judge's recommendations with respect to the two prongs of Fuentes. With respect to the first prong, Baker argues that the magistrate judge failed to consider that Lowes "hampered" Baker's success in 2017. (ECF No. 46 at 2.) Baker argues that the goal set for him in the PIP was unreachable because three of five assistant sales manager positions were vacant at his store and there was an ongoing property tax assessment in the area in which his store was located. Baker argues that under those circumstances, and because of his sales experience and performance in 2016, it is implausible that Lowes terminated him because of his sales numbers in 2017 and failure to complete the PIP.

       The court will adopt the magistrate judge's R&R with respect to the first Fuentes prong. To satisfy the first prong of the pretext analysis, "the non-moving plaintiff must demonstrate ... weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the [defendant's] proffered legitimate reasons for its actions that a reasonable factfinder could

rationally find them 'unworthy of credence.' " Fuentes, 32 F.3d at 765 (quoting Ezold v. Wolf, Block, Schorr & Solis–Cohen, 983 F.2d 509, 531 (3d Cir. 1992)). A plaintiff may not " 'simply show that the [defendant's] decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent.' " Keller v. Orix Credit Alliance, Inc., 130 F.3d 1101, 1108–09 (3d Cir. 1997) (quoting Fuentes, 32 F.3d at 765).

"The question asked in prong one of the Fuentes test is not whether the employer made the best, or even a sound, business decision; it is whether the real reason for the adverse result suffered by the plaintiff is discrimination." Horner v. Allegheny Gen. Hosp., Civ. A. No. 07–1634, 2010 WL 724452, at * 14 (W.D.Pa. Mar.1, 2010) (citing Keller, 130 F.3d at 1109). Cases analyzed under this prong usually survive a motion for summary judgment when the employer's stated reason for termination is so implausible that a reasonable fact-finder could not believe it. Id. The court is not permitted to set its own standards for the employer or get involved in the employer's subjective business decisions. Ezold, 983 F.2d at 527.

Here, the evidence adduced or allegations made by Baker do not show that Lowes' legitimate, nondiscriminatory reason for terminating his employment, i.e., his poor sales numbers in 2017 and failure to complete the PIP, are unworthy of credence, and, thus, Baker did not raise a jury issue about whether his age was the but-for cause of his termination. Martinez v. UPMC Susquehanna, No. 19-2866, 2021 WL 298730, at *2 (3d Cir. Jan. 29, 2021) ("[A]n age-discrimination plaintiff must prove that it is more likely than not that, but for his age, the employer would not have fired or failed to hire him.") (citing Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 177–78 (2009)). As Lowes points out, Baker concedes that he did not meet his sales goal or complete the PIP in 2017. Baker argues, however, that because the assistant manager

position was understaffed and a property tax assessment was ongoing, the sales numbers set for him were unreasonable, i.e., Lowes "hampered" his performance in 2017 and then fired him based upon his age. In other words, Baker attempts to discredit Lowes' legitimate, nondiscriminatory reason for terminating his employment by showing that Lowes set an unreachable sales goal for him. The evidence adduced by Baker, however, does not show that the sales goal set for him was unreachable.

First, Baker did not adduce evidence from which a reasonable jury could find that in 2017 there were three *vacant assistant sales manager positions* at his store that were filled after Lowes hired his younger replacement; rather, the evidence of record shows only that *as of January 24, 2020*, there were five assistant sales managers at Baker's store. (ECF No. 41-5 at 2-8.) Baker did not point to **evidence of record** to show that three assistant sales manager positions were left vacant at Baker's store when he was a project sales exterior employee ("PSE") or that in the two years immediately following Baker's termination, i.e., 2018 and 2019, Lowes hired three additional assistant sales managers for Baker's store to support the sales efforts of his replacement, who was fifteen years younger than Baker. A reasonable jury could not, therefore, infer that Lowes intentionally left three assistant sales manager positions vacant to hamper Baker's performance.

Baker also concedes that referrals from sales associates, which are driven by assistant sales managers, are only *one* way in which a PSE obtains leads. (ECF No. 40 ¶ 1; ECF No. 46 at 2.) PSEs also obtain leads "by walking the store and talking to customers,…an online lead generation form that is filled out by the customer, and a program that allows a customer to text Lowes to start a project." (ECF No. 40 ¶ 1.) Under those circumstances, Baker failed to adduce evidence upon which a reasonable jury could find that Lowes did not fill three of five assistant

sales manager positions when Baker was a PSE to "hamper" his sales efforts, or that the assistant sales manager position had a direct and substantial impact on his sales, and, thus, Lowes' legitimate, nondiscriminatory reason for firing him is unworthy of credence.

With respect to Baker's arguments about the property tax assessment, the undisputed evidence of record shows that the property tax assessment in the area in which Baker's store was located occurred in 2015. (ECF No. 43-2 at 2-3.) In 2016, however, Baker met his sales goal, and Baker could not recall whether customers told him they could not undertake a project with Lowes because of the property tax assessment in 2015, 2016, or 2017. Under those circumstances, the evidence of record does not support Baker's contention that Lowes knew "outside factors" rendered his 2017 sales' goal "unreachable," and thus, its legitimate, nondiscriminatory reason for terminating his employment is unworthy of credence. (ECF No. 46 at 2.)

Baker points out that in 2016 "he was commended for his sales abilities, customer service and promotion of the PSE program." (ECF No. 47 at 3.) He also argues that he had significant sales experience. He argues that "it is unlikely" that his skills in obtaining leads by walking throughout the store and talking to customers deteriorated from 2016 to 2017 and "implausible" that someone of his experience would be terminated. (Id. at 3-4.) According to Baker, because he obtained commendation for his skills in 2016, a reasonable jury could infer that it was Lowes' failure to hire additional assistant sales managers and consider the property tax assessment that caused him to be unable to satisfy his sales goals. The court disagrees. Based upon the evidence of record, a reasonable jury could not infer that because Baker had significant sales experience and was commended for his skills *in 2016*, his failure to meet his sales goals by a large percentage *in 2017* was attributable to Lowes' conduct intended to "hamper" his performance.

6

Lastly, Baker argues that comments by his supervisor, Richard McGowan ("McGowan"), show that Lowes' legitimate, nondiscriminatory reason for terminating his job was pretext for discrimination. Specifically, in October 2017, when Baker was 43.9 % behind his sales goal, Baker asked McGowan whether the results of the PIP would permit Baker to keep his job. McGowan replied that there was no way that Baker could improve his numbers enough to keep his job. According to Baker, this exchange with McGowan shows that McGowan believed Lowes "had given…[Baker] an unreachable goal."[1] (ECF No. 47 at 3.) Once again, the court disagrees. McGowan responded that Baker could not sufficiently improve his numbers, i.e., the 43.9% deficit, in *three months* to complete the PIP. A reasonable jury could not conclude from McGowan's response that McGowan believed Lowes' goal for Baker was "unreachable" when originally set by Lowes.

Based upon the foregoing, Baker did not adduce evidence sufficient to show that Lowes' reason for terminating him, i.e., failure to meet his sales goals and complete the PIP, is unworthy of credence. The magistrate judge's R&R—as supplemented by the foregoing discussion—will be adopted as the opinion of the court with respect to the first <u>Fuentes</u> prong.

With respect to the second <u>Fuentes</u> prong, i.e., whether Baker's age was more likely than not the but-for cause of the Lowes' decision to terminate Baker's employment action, the Third Circuit Court of Appeals has instructed:

> [T]he second way a plaintiff can establish pretext is to point to evidence that would allow a factfinder to believe that an invidious discriminatory reason was "more likely than not a motivating or determinative cause" of the employer's

---

[1] The undisputed evidence of record shows that in 2016, Baker achieved $580,353 in sales. In 2017, Lowes set Baker's sales goal at $591,246, which is only 1% higher than the sales Baker achieved in 2016. The evidence adduced by Baker does not show conditions in 2017—which did not exist in 2016—render the 2017 sales goal set by Lowes unreachable or evidence that Lowes' reasons for terminating his employment are pretext for age discrimination.

7

>action. Id. at 764. Specifically, the plaintiff can show pretext this way by presenting evidence "with sufficient probative force" so as to allow the factfinder to "conclude by a preponderance of the evidence that age was a motivating or determinative factor." Simpson, 142 F.3d at 644–45 (citing Keller, 130 F.3d at 1111). Pointing to evidence demonstrating any of the following satisfies this second way to prove pretext: (1) the defendant previously discriminated against the plaintiff; (2) the defendant discriminated against others within the plaintiff's protected class; or (3) the defendant has treated similarly situated, substantially younger individuals more favorably. Simpson, 142 F.3d at 645 (citing Fuentes, 32 F.3d at 765). If this step is satisfied, at trial the plaintiff must convince the factfinder that not only was the employer's proffered reason false, but the real reason was impermissible discrimination. Fuentes, 32 F.3d at 763 (quoting St. Mary's Honor Ctr., 509 U.S. at 515, 113 S.Ct. 2742).

Willis v. UPMC Children's Hosp. of Pittsburgh, 808 F.3d 638, 645 (3d Cir. 2015).

Here, the magistrate judge rejected Baker's argument that evidence about his younger predecessor not being placed on a PIP showed that Baker's age was the determinative factor for his job termination. The magistrate judge explained that the undisputed evidence of record showed that Baker's younger predecessor resigned before he could be placed on a PIP, Baker had poor sales numbers in 2017, and an employee outside Baker's protected class was placed on a PIP. The magistrate judge concluded that under those circumstances, Baker failed to adduce sufficient evidence for a reasonable jury to find that his age was the determinative factor for his job termination.

Baker in his objections argues that the magistrate judge incorrectly found that he did not satisfy his burden under the second Fuentes prong. First, he argues that his predecessor, Eric Rayko ("Rayko"), was never told that his job would be in danger if his sales did not approve. (ECF No. 47 at 12.) As the magistrate judge explained, Rayko resigned before he could be placed on a PIP. While Baker is correct that Rayko "was not formally told [by Lowes] that he would be terminated" because he was not meeting his sales goals, he understood that "if the sales numbers aren't there ultimately…the writing's on the wall" (ECF No. 33 ¶ 21); indeed,

8

Rayko—"knowing…where…[his] sales numbers were"—voluntarily resigned from his PSE position. (ECF No. 33-2 at 96.) Under those circumstances, a reasonable jury could not find that based upon the evidence of record with respect to Rayko that age was the determinative factor behind Baker's termination.

Second, Baker argues that McGowan's comment questioning why Baker continued to work as a PSE when his wife had a good job is evidence of discrimination because "it is implausible that anyone would suggest that a young person remove themselves entirely from the job market simply because his or her spouse had a good job." (ECF No. 47 at 5.) The magistrate judge correctly concluded that McGowan's commentary about Baker's wife job "do[es] not give rise to a level of discriminatory animus where a reasonable factfinder would conclude that there was another, real reason for…[Baker's] termination." (ECF No. 45 at 11-12.) In other words, Baker did not adduce evidence sufficient to show that McGowan's comments about his wife's job show an *age-based animus* from which a reasonable jury could conclude that Baker's age was a determinative factor in his termination.

Lastly, Baker argues that once he was replaced by a person fifteen years younger than he is, Lowes filled the three vacant assistant sales manager positions. (ECF No. 47 at 6.) As discussed above, however, the evidence of record shows only that *as of January 24, 2020*, there were five assistant sales managers at the Lowes store at which Baker worked. Baker did not point to evidence of record to show when those positions became available or were filled. A reasonable jury could not, therefore, infer discriminatory animus because those positions existed approximately two years after Baker was terminated.

Based upon the foregoing, the magistrate judge correctly concluded that Baker did not adduce evidence sufficient to satisfy the second prong of Fuentes, i.e., evidence upon which a reasonable jury could find that his age was more likely the but-for cause of his termination.

**V. Conclusion**

For all these reasons, Baker's objections will be overruled and the court will adopt the R&R—as supplemented herein—as the opinion of the court. The motion for summary judgment will be granted.

An appropriate order and judgment will be entered.

By the court,

Dated: March 3, 2021

**/s/ JOY FLOWERS CONTI**
Joy Flowers Conti
Senior United States District Judge